

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

October 17, 1947

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas        Opinion No. V-409

            Re:   The applicability of
                 Art. 760, V.C.C.P.,
                 to payment of the
                 court reporter by the
                 State in a habeas cor-
                 pus action, tried on a
                 pauper's oath

Dear Sir:

       Your opinion request of September 30, 1947, is as follows:

       "This department has received a claim from an official court reporter for fees under the provisions of Article 760, Section 6, V.C.C.P., for services rendered by him in making a narrative statement of facts on a pauper's oath. The narrative statement of facts was ordered by the district judge in a writ of habeas corpus action, said writ was made returnable to the Court of Criminal Appeals. The relator in the writ was convicted of a felony and given a penitentiary sentence. Are these fees properly payable under the provisions of Article 760, V.C.C.P.?"

       The question presented is: Is the official court reporter, who prepares under Article 119, V.C.C.P. a statement of facts in a habeas corpus proceeding upon the request of the District Judge, entitled to be paid for same by the State under the terms of Article 760, V.C.C.P.?

       To make clear our answer to your question, we quote below the pertinent portions of the statutes. They respectively provide:

       "Article 760.
       "1. Where the defendant in a criminal

case appeals, he is entitled to a statement
of facts certified by the trial judge and
sent up with the record; provided that said
statement of facts shall be in narrative
form.

"2.   To accompany Transcript.--The
Statement of Facts in felony or misdemeanor
cases shall not be copied in The Transcript
of the Clerk, but when agreed to by the
parties and approved by the Judge, shall be
filed in duplicate with the Clerk, and the
original sent up as a part of the record of
the cause on appeal; and like procedure
shall be followed if the Statement of Facts
is prepared by the parties or by the Judge,
on the failure of the parties to agree.

"   .  .  .

"6.   When defendant cannot pay--When
any felony case is appealed and the defendant
is not able to pay for a transcript of the
testimony or give security therefor, he may
make affidavit of such fact, and upon the mak-
ing of such affidavit, the court shall order
the official court reporter to make a narra-
tive statement of facts and deliver it to such
defendant.   In all cases where the court is
required to and does appoint an attorney to
represent the defendant in a criminal action,
such reporter shall be required to furnish
the attorney for said defendant, if convicted
and where an appeal is prosecuted, with a
transcript of his notes.   For each said serv-
ice he shall be paid by the State of Texas,
upon the certificate of the trial judge, one-
half of the rate provided by law in civil cases."

The above article has no bearing on this question.
It says: "Where a defendant in a criminal case appeals, he
is entitled to a statement of facts, etc.".   In referring
to a statement of facts that may be incorporated in the
transcript as provided in Section 2 of said Article when a-
greed to by the parties and approved by the judge, we find
the following language:

"And the original sent up as a part of
the record of the cause on appeal."

Thus we see that Art. 760 has reference only to a case appealed to the Court of Criminal Appeals by the defendant from a conviction in the trial court, and has no reference to habeas corpus proceedings which does not involve an appeal and is not a cause on appeal. Neither is the applicant in a habeas corpus proceeding a defendant. Therefore, we lay aside Art. 760 as immaterial in answering the question.

We now turn to Art. 119 which is material. It reads:

"After indictment found in any felony case, and before conviction, the writ must be made returnable in the county where the offense has been committed, on account of which the applicant stands indicted.

"After final conviction in any felony case the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas. The writ may issue upon the order of any district judge, and said judge may upon presentation to him of a petition for said writ, set the same down for a hearing as to whether the writ should issue, and ascertain the facts, which facts shall be transmitted to the Court of Criminal Appeals with the return of the writ if same is issued after such hearing. Provided further, that should such writ be returned to the Court of Criminal Appeals without the facts accompanying same, or without all of the facts deemed necessary by the Court of Criminal Appeals, said court may designate and direct any district judge or judges of this state to ascertain the facts necessary for proper consideration of the issues involved; and it shall be the duty of the official court reporter of the district judge or judges so designated to forthwith prepare a narration of the facts adduced in evidence upon any such hearing and transmit the same to the clerk of the Court of Criminal Appeals within ten days of the date of such hearing. . ." (Emphasis added)

By this language above underscored, it is made mandatory upon the court reporter to prepare a narration of the facts adduced in evidence upon such hearing and

transmit the same to the Court of Criminal Appeals within ten days of the date of such hearing. No compensation is fixed by law for the services thus performed by the court reporter; hence none can be paid by the State.

We do not mean to hold that the court reporter may not, in any event, be paid for a statement of facts in habeas corpus proceedings if the Court of Criminal Appeals hearing the application makes an order concerning the costs as provided in Article 162. That Article provides:

"Art. 162. Costs.--The judge trying the cause under habeas corpus may make such order as is deemed right concerning the cost of bringing the defendant before him, and all other costs of the proceeding, awarding the same either against the person to whom the writ was directed, the person seeking relief, or may award no costs at all."

Under this Article, the costs may be adjudged against the person to whom the writ was directed, or the person seeking relief, unless such person has filed a pauper's oath. But it is observed that this Article makes no provision for the awarding of costs against the State, and fees cannot be collected against the State unless provided for by law.

A court reporter is an officer of the court. In performing the functions and duties imposed upon him by Article 119, he is merely performing an added duty for which no provision is made for extra compensation by the State.

You are therefore respectfully advised that the official court reporter is not entitled to any fees to be paid by the State in preparing a statement of facts in a habeas corpus proceeding returnable to the Court of Criminal Appeals.

## SUMMARY

No provision is made by law for the State to pay an official court reporter for preparing a statement of facts in a habeas corpus proceeding under Article 119 V.C.C.P. He is required to perform this service as an

added official duty without extra compensation insofar as the State is concerned.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

L P. Lollar
Assistant

LPL/lh

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL